61   385
203  ʰ233

</div>

# The Chicago, Burlington & Quincy Railroad Co.

## *v.*

## James B. Dunn.

1. Negligence—*contributory*—*compared.* Where, in a suit to recover for injuries sustained by a collision with a railroad train, and, from the evidence, it is contended there was negligence on both sides, and that is the principal contest before the jury, it is error for the court to instruct the jury that the plaintiff may recover if there was negligence on the part of the servants of the company, unless the plaintiff was guilty of more carelessness than the servants of the company. In such cases, if both parties are guilty of negligence, and it appears that of the plaintiff is slight, when compared with that of the defendant, a recovery may be had.

2. An instruction is not correct which informs the jury that a plaintiff in such a case may recover, if the negligence of the defendant is greater than his. In such a case, to recover, there must be more than a mere preponderance against the defendant; his must be great, and plaintiff's slight, when compared.

3. Carriers of persons—*diligence.* Carriers of persons are bound to use the highest degree of care and diligence consistent with the practical exercise of the business of carriers, and a person not a passenger is entitled to no higher degree of care from them than a passenger; and in such a case it is error to instruct the jury that the employees of the road were bound, as far as possible, to prevent injury to a person about crossing the track in front of a train.

25—61st Ill.

4. INSTRUCTION. Where one instruction is clearly wrong, and another right, the error of the first is not cured by giving the latter, as it can not be known which governed the jury in finding their verdict.

APPEAL from the Circuit Court of Henderson county ; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. LANPHERE, FROST & SIMPSON, for the appellants.

Messrs. KITCHELL & ARNOLD, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

On the trial of this case in the court below the contest was principally a question of negligence of both parties. Appellee contended that it was from the negligence of appellants that the injury was caused, whilst they contended that it was by reason of the want of care on the part of appellee.

From all of the evidence heard by the jury, it was a question for them to determine whether there was negligence on either side, or only on the part of appellants, or, if there was contributory negligence, whether appellants were guilty of such negligence as, when compared with that of appellee, would greatly exceed the negligence of appellee.

This court, in many cases, has held that there may be such comparative negligence, and still the defendant be liable; but when the plaintiff has been guilty of negligence which contributed to the injury, his negligence, when compared with that of the defendant, must be slight.

Appellee asked and the court gave this instruction:

"1. The plaintiff had the right to use the street crossing at the time and the place stated in the evidence, for passing to his residence, and the defendants, by their servants, had the right to use their railroad at said crossing; and in this respect their rights were equal, and the said defendants, at the time and place of the injury, by its servants in charge of said engine, were bound to keep a lookout at the crossing, so as to see and,

as far as possible, prevent injury to the plaintiff in the exercise of his right of transit across the railroad; and if the jury believe, from the evidence, that the injury complained of resulted to the plaintiff by the improper sounding of the whistle of the engine when the said mules, and persons in the wagon, were in close proximity to the engineer, and that such injury could have been prevented by the exercise of a prudent foresight in keeping a lookout upon said crossing, then the law is for the plaintiff, unless the jury should also believe, from the evidence, that the plaintiff was guilty of more carelessness than the servants of the defendants."

It will be observed that this instruction violates the rule of comparative negligence. It directs a recovery, even if there was negligence on both sides, and it was equal, or rather the instruction states appellee may recover unless his negligence exceeded that of appellant.

It is the settled law of this court, announced in numerous cases, that, where the plaintiff is guilty of negligence, to entitle him to recover, it must be slight, when compared with that of the defendant. This instruction was, therefore, calculated to mislead the jury, and should not have been given. It also announces that appellants were bound to the use of all possible care to prevent injury. This is the natural construction of the language, and announces the rule too broadly in this class of cases.

In the case of *Tuller* v. *Talbot*, 23 Ill. 357, the rule was stated to be that, carriers of persons are held to the highest degree of care and diligence that is consistent with the practicable exercise of their business of carriers.

Every possible care that the human mind is capable of exercising, without reference to cost or delay, would render the business of common carriers impracticable, and deter all prudent men from adopting it.

The court should have modified the instruction before it was given. Appellee was not a passenger and the road did not

owe any higher degree of care for his safety than to a passenger, and what was said in *Tuller* v. *Talbot, supra,* was in reference to passengers for hire. The company were bound to use all reasonable and practicable care for appellee's safety, but not every possible care.

Nor does the fourth of appellee's instructions cure the error contained in the first. That announces a right to recover in case of comparative negligence, but the rule is not accurately stated. It states that a recovery may be had even if appellee was guilty of negligence, if appellants were guilty of greater negligence. This authorizes a recovery if the jury only believed the negligence of the company preponderated, however slightly, when we have seen that such is not the rule. But even had it stated the rule correctly, it would only have contradicted the first instruction, and it would not have appeared which the jury followed.

From all the evidence in the case, the verdict seems to be large—to be disproportioned to the injury received, even if appellants were guilty of such negligence as to render them liable for the injury; but whether or not the evidence shows such liability, we express no opinion, as that is a question falling within the province of the jury.

For the errors indicated, the judgment of the court below is reversed and the cause remanded.

*Judgment reversed.*